1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

PAPER STREET MEDIA, LLC, a Florida
limited liability company

           Plaintiff,

           vs.

MW Media, a foreign partnership d/b/a
EPORNER.COM and EPRNCDN.COM,

           Defendant.

Case No.:  **3:17-cv-05311-RBL**

**FIRST AMENDED COMPLAINT**
**COMPLAINT FOR DAMAGES**
**AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

       COMES NOW Plaintiff PAPER STREET MEDICA, LLC (hereinafter referred to as

"Plaintiff," "PSM," or "Paper Street"), by and through its attorney of record, THE FREEMAN

LAW FIRM, INC., and brings this action against Defendant MW MEDIA, a foreign partnership,

and alleges as follows:

### JURISDICTION AND VENUE

       1.     Plaintiff Paper Street Media LLC is a Florida Limited Liability Company with it

principal place of business in Miami, Florida.

       2.     Defendant MW Media is a foreign civil law partnership operating out of

Oświęcim, Poland.  The partnership is made up of two persons, Marcin Wanat and Maciej

Madon.  MW Media owns and operates the web sites Eporner.com and Eprncdn.com.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 1

3.      The Eporner.com domain name is held by WhoisProxy.com, using registrar Key-Systems GmbH.   WhoisProxy.com is a U.S. corporation located in Alexandria, Virginia.  Key-Systems GmbH is a German corporation with offices in Leesburg Virginia.

4.      Defendant MW Media partner Maciej Madon is the registered owner of Eporner.com, registered originally with Moniker Online Services, LLC, a United States company and then transferred to Key-Systems GmbH.

5.      The Eprncdn.com domain name is held by Domains By Proxy, LLC using registrar GoDaddy.com, LLC.  Domains By Proxy, LLC and GoDaddy.com, LLC are Arizona corporations with headquarters located in Scottsdale, Arizona.

6.      Defendant MW Media partner Marcin Wanat is the registered owner of Eprncdn.com, registered with GoDaddy.com, LLC.

7.      Defendant MW Media is listed with the United States Copyright Office as the owner and operator of Eporner.com, with a listed address in Hong Kong.  However, upon information and belief, that address is a straw address, with operations actually located in Poland, Canada, the Netherlands, and the United States.

8.      Defendant MW Media anticipating and/or expecting notification from United States Copyright holders for the display of videos in the United States market, registered Eporner.com as a United States Internet Service Provider. To accept notifications of infringement on Eporner.com, MW Media contracts with the Florida company Incorporate Now, Inc..

9.      Defendant MW Media utilizes Cloudflare, Inc., a California company, as its Domain Name System, which essentially translates a domain name, in this case Eporner.com, into the proper Internet Protocol ("IP") Address.  Cloudflare connects an Internet user desiring to view Eporner.com to the correct IP Address.

10.     Defendants utilize at least one server in Canada for purposes of efficient, effective, and fast display to United States Internet users.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 2

11.     Defendants utilized, at times relevant herein, Eprncdn.com (from the Canadian server) to serve and display videos on Eporner.com to United States Internet users.

12.     Defendant MW Media utilizes Cloudflare as a Content Delivery Network ("CDN").  A CDN is utilized in order to distribute videos to users in close geographical proximity to the CDN in a faster and more efficient manner rather than from the home server located far away.  The use of a United States based CDN is a clear and unequivocal act of intention to distribute videos on Eporner.com to United States users.

13.     Defendants knowingly and purposefully market to the entire United States, including residents of this District.

14.     Defendants have direct and indirect contractual relationships with United States entities and vendors, each with purpose of reaching United States Internet users.

15.     United States Internet users make up the largest market for Eporner.com. According to Similarweb.com, an industry trusted website analytics company, between August 2016 and February 2017, Eporner.com averaged approximately 30 million users *per month*.  Of these users, the United States made up the largest market at 15.92% or approximately 4.8 Million users, with the next largest market as Germany at 7.95%.

16.     Operators and/or owners of Internet web sites, earning money directly from the volume and quality of Internet traffic visiting the site, are aware of and are purposeful in the geographical location of the Internet traffic being directed and/or purchased to and for the site. The United States market is the most valuable Internet traffic in the world, thus revenue generated for selling advertisement to the U.S. market is the largest in the world.  Therefore, owners and operators of Internet web sites that generate revenue from advertising on their web sites purposefully direct the site and market to United States Internet users.  Eporner.com is such a web site.

17.     Defendant utilizes a "webmaster" program where independent contractors termed "affiliates" receive payment for directing Internet traffic to Eporner.com.  Based on information

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 3

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1    and belief, Defendants contract with affiliates in the United States and this District. Defendants
2    or Defendants' agents compensate the affiliate through PayPal, a United States company.

3    18.    Defendants offer live web cam services to its users on a paid basis from
4    Chaturbate.com. Based on information and belief, the operators of Eporner are paid as an
5    affiliate based on the number of sales they generate to Charturbate.com. Charturbate.com is
6    owned and operated by Multi Media LLC, a company based in Lake Forest, California.

7    19.    The Court has personal jurisdiction over the Defendant, who has engaged in
8    business activities in and directed to this district, and have committed tortious acts within this
9    district or directed at this district.

10   20.    Any alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391
11   ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

12   21.    This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant
13   to 17 U.S.C. § 101 et seq., 28 U.S.C. §1331 and 28 U.S.C. §1338.

14   22.    Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

15   23.    This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or
16   (d) and 28 U.S.C. § 1400(a).

## PARTIES

18   24.    The named Plaintiff is the rightful copyright, trademark and intellectual property
19   owners of the respective United States copyrights, trademarks and intellectual property that are
20   the basis for this action.

21   25.    Plaintiff Paper Street Media, LLC ("PSM") is a Florida limited liability company
22   with its principal place of business in Miami, Florida.

23   26.    PSM produces adult audiovisual material, which it distributes through DVD sales,
24   pay-per-view, and the World Wide Web through its 25-paid membership based web sites
25   operating under its known brands, including "TeamSkeet," among others.

26   27.    PSM directly employs 28 full-time people, with the majority of those being

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 4

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1    technical, programming, and white-collar positions.

2      28.    PSM engages in extremely limited licensing of its content to other entities or

3 websites for viewing, in addition to the small sample of promotional materials provided to their

4 affiliates for the sole purpose of those affiliates' promoting PSM properties.  Any licensing is

5 done with the intent for brand exposure and is limited to a small subset of hand-selected content.

6 Predominantly, the PSM business model is simply that a user must be a paid member of PSM to

7 view PSM's non-promotional videos.

8      29.    PSM holds over 350 U.S. registered Copyrights for its audiovisual work and 5

9 Trademarks for its brands, including for all works listed in this Complaint.

10      30.    Plaintiff is the respective producer, distributor, and exclusive licensor of its own

11 motion pictures in the United States as well as throughout the world.

12      31.    Plaintiff has registered with the United States Copyright Office the copyrighted

13 works identified in this Complaint. Plaintiff's watermark their videos with Plaintiff's readily

14 identifiable site names and/or logos and place recorded warnings at the beginning of video

15 productions.

16      32.    Plaintiff's "Team Skeet" trademark and service mark has been continuously used

17 in commerce since August 2012.  U.S. Trademark Registration No. 4323869 was registered on

18 April 23, 2013.

19      33.    Plaintiff has expended considerable effort and expense in promoting its trademark

20 and the goods sold under the trademark Team Skeet.  As a result, the purchasing public has come

21 to know, rely upon and recognize the mark Team Skeet as an international brand of high quality

22 adult entertainment.

23      34.    The production of pornography is one of the most scrutinized and policed legal

24 enterprises in the country, where state, local and federal regulations all require manufacturers

25 and distributors of such works to comply with a myriad of laws and record keeping rules.

26 Producers navigate the various legal requirements at great expense in order to remain compliant,

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 5

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

carefully building government-required databases that must be maintained for inspection even beyond the life of the company. Plaintiff has meticulously complied with the various laws, rules, and regulations imposed upon production of legitimate adult entertainment. Legitimate producers do not "make" anyone do anything – only consenting adults participate. Both men and women participate in front of and behind the camera at jobs that require real skill and dedication.  The Plaintiff only sells its final product to consenting adults through age-restricted channels.

35.     Defendant MW Media is the owner and operator of Eporner.com, and is listed as such with the United States Copyright Office.  MW Media is a foreign civil law partnership, with two partners, Marcin Wanat and Maciej Madon.

36.     Defendant competes against Plaintiff in the distribution and sale of adults-only audio-visual works through Internet distribution and divert potential customers from Plaintiff.

37.     Further, upon information and belief, Defendant directly financially benefits from advertising revenue on Eporner.com.  The presence of high quality and lengthy infringing videos by and/or through Eporner.com contributes to users returning to the site and thus the overall growth of its audience; that, in turn, allows the Defendant to command higher advertising rates and generate higher advertising revenue.

38.     Defendant fails to honor take down notices delivered to their appointed DMCA Agent.

39.     Defendant fails to implement a reasonable repeat infringer policy for repeat infringers on Eporner.com.

40.     Defendant fails to qualify for safe harbor protections for copyright infringement liability under the Digital Millennium Copyright Act.

## STATEMENT OF FACTS

41.     Congress' implementation of safe harbor provisions in the Digital Millennium Copyright Act ("DMCA") provides true internet service providers with protection against liability for copyright infringement resulting from the actions and/or postings of their users.  As a

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 6

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  primary example, the safe harbor protections provide YouTube.com with protection from

2  liability should one of its users post a copyright protected video without authority or license.

3      42.    The DMCA safe harbor provisions have been systematically abused by internet

4  copyright infringers in an attempt to garner protection for websites displaying copyrighted adult

5  entertainment content without license or authority for free viewing to the public.  Commonly,

6  these websites attracted Internet user attention through the combination of offering free viewing

7  of copyrighted materials and the unauthorized use of trademarks, providing the user a road to the

8  free website through the use of these marks.

9      43.    Eporner.com is such a pirate website, displaying copyrighted adult entertainment

10  content without authorization or license.

11      44.     Defendant registered the Eporner.com domain name on or about April 8, 2008.

12  The current registrar of the domain name is Key-Systems GmbH, a domain name registrar

13  located in Germany.

14      45.    As Defendant was and are aware that it uses the Eporner.com web site to infringe

15  upon the rights of Plaintiff, and other content producers, it has utilized a privacy service in an

16  attempt to hide identities.

17      46.    The hosting company used by the Defendants for Eporner.com is Leaseweb,

18  headquartered in Amsterdam, the Netherlands, with datacenters located in California, New

19  Jersey, Texas, Illinois, Georgia and Seattle, Washington. Though Eporner can state on their

20  WHOIS information page that they are using Leaseweb in the Netherlands, this does not mean

21  that the content and services are actually in the Netherlands but rather, the company Leaseweb is

22  in the Netherlands. Further, Eporner is also using OVH and Cloudflare for hosting and content

23  delivery services. OVH is based in Montreal, Canada.

24      47.    Eporner.com operates as a mega-theater displaying content of Plaintiff and other

25  content producers free of charge to the user and with no compensation to Plaintiff or other

26  content producers.  Defendant generates significant revenue through Eporner.com solely through

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 7

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1   the sale of advertising space on the pages of the web site.  More traffic generated on

2   Eporner.com means more revenue generated through sale of advertising space.

3       48.     Eporner.com's popularity rests heavily on the quality, desirability, and length of

4   the infringing content found on the site.  Money Defendant makes from Eporner.com is the direct

5   result of the infringing content found on the site, content belonging to Plaintiff and other content

6   producers.

7       49.     Defendant presents Eporner.com to be a forum for Internet users to post and share

8   their own original content, or content which they have intellectual property rights.  However, in

9   direct contradiction of this purported purpose, most (if not nearly all) of the content on

10  Eporner.com consists of infringing copies of copyrighted works, including those of Plaintiff.

11  Profit Defendant earns through Eporner.com is, at least in a substantial part, the result of the

12  infringing content displayed on the site, content belonging to Plaintiff and other content

13  producers.

14      50.     Typically, video hosting sites (for example, YouTube.com) require users to create

15  an account in order to post videos, including an email address and user name.  The videos

16  thereafter posted are then associated with the respective user name.

17      51.     However, Defendant does not present user names associated with respective user

18  uploaded videos.  Thus, it is impossible for a content producer to track which users are posting

19  videos in violation of the producers' copyrights.  Thus, those users can post with minimal fear of

20  being identified by the intellectual property owner.

21      52.     While the Terms of Service state that user information will be provided to content

22  producers upon discovery of infringing activity, Defendant actually hides behind purported

23  Polish privacy laws when asked to do so.

24      53.     Users of Eporner.com are permitted to post videos anonymously.  A user may

25  sign up for an account to post without providing any actual information, including a valid email

26  address.  The user is merely required to make up a user name and password.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 8

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

54.     Plaintiff has documented instances whereby content that was previously subject to a DMCA notice was removed and then reposted days later using the exact same content, sample pictures, and length added back and made available on the Eporner website.

55.     When a video streaming site like Eporner.com is first started, it is at its most fragile state as the website contains no content and thus there is no value for any end user to visit the website.  The proverbial question is how does a new site acquire it's initial content, which in turn gives users a reason to visit and return to the website in order to capture an audience.  On a website like Eporner.com, users can post content and the owners/operators can also post content on the website.

56.     At the inception of Eporner.com, the website exclusively featured short, promotional videos on Eporner.com.  All the videos were 10 minutes in length or significantly less.

57.     At a certain point, the website (almost over night) became full-length videos, and short clips for the most part ceased.  Upon information and belief, these full-length videos were posted by Defendant or agents of Defendant at the direction of the Defendant.

58.     Even though the website audience (and therefore the uploaders) are purportedly made up of a diverse group of countries, every title is written in the same language (English), in a similar format and an overwhelming majority of the videos have the very same punctuation (every letter of the descriptive title perfectly capitalized).  There is simply little to no variance in the way the videos are titled.

59.     Defendant uploads, reviews, and/or titles the infringing videos to Eporner.com. In fact, the site's upload page confirms this when it states "[e]very day **we** are adding dozens of new porn videos and photos."  (Emphasis added).

60.     It is well known in the industry of Internet adult entertainment that full-length scenes or full-length videos displayed free are done so without authority or license from the content producer and/or copyright holder. Videos provided for promotional use are not full-

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

length but rather teasers edited similar to that of a mainstream Hollywood Film Trailer providing enough to draw you into a paid theater on or offline without showing you all.

61.     Almost all full-length videos contain branding and logos from the studios whom is the copyright holder.  It is ***standard industry practice*** in the online adult industry to display an introductory animation with the studio or website name, a similar animation at the very end of the video, as well as the website/studio name URL watermarked in the corner of the video on every frame of every second of the video while it is played to further identify the copyright holder or the original source of the video.  These watermarks also serve as clear, conspicuous, and obvious copyright notices.  For example, a video from Playboy will clearly be identified as Playboy material throughout the video clip.

62.     On Eporner.com, beneath the preview image for each video, the site displays the number of views, the average user rating, and the length of the video in minutes and seconds.

63.     The longer and/or more desirable a video is, the more views it gets on Eporner.com, as Internet visitors know that they are full-length videos and not promotional materials.  Full-length scenes and videos generate more revenue for Defendant.

64.     Defendant's revenue generated from the advertisements is based upon the number of ads displayed and/or the number of visitors the advertisements direct to the advertisers' websites.

65.     Defendant's infringing activity leads to increased Internet traffic on Eporner.com and thus increases advertising revenue, as increased volume of Internet traffic increases both the amount of advertisements displayed to the users of its service and the rates that the Defendants charge for displaying the advertisements.

66.     Defendant categorizes videos found on Eporner.com under the terms "Full HD Porn," "FPS Porn," or "Full HD," and marks videos that fall under these categories with a special identified visible on the preview image of the video.  Defendants rather than users of Eporner.com, add these special identifiers to the videos.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 10

67.     Defendant incentivizes users and third parties to display copyrighted content without authority on Eporner.com through a "webmaster" program.  Webmasters, or "affiliates," are paid money by Defendant, through a United States company PayPal, to send Internet traffic to Eporner.com.  Third Party Webmasters will populate their own website with links to materials on Eporner.com as it benefits a webmaster to post and share popular high quality infringing content from Eporner.com, such as Plaintiffs, and then advertise the videos on their own sites, linking Internet users to Eporner.com as Eporner.com will pay them for doing so.

68.     Videos on Eporner.com may be shared by the user with others, regardless of whether they have uploaded a video to the site, as the user is provided with direct links for posting on or to any social media site including, but not limited to, Facebook, Twitter, Google or via to Email to anyone regardless of age or location.  Such functionality makes it impossible to know how many times and where an unlicensed copyrighted video has been posted and displayed illegally as a direct result of Defendant's unlawful display.

69.     At all times relevant to the infringing conduct alleged herein, Eporner.com failed to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA.

70.     Defendant purport's to have a repeat infringer policy, purportedly terminating a user if Eporner.com receives "three good faith and effective complaints within any contiguous six month period".  Such a limited policy is not reasonable and ineffective, especially considering the failure to require any actual information for users – a user that maybe terminated can simply, easily, and immediately create a new account without detection.  Moreover, since Defendant fails to associate a posted video with a particular user, it is virtually impossible for content producers to track users repeatedly posting their content.

71.     Upon information and belief, Defendant makes no actual or effective effort to enforce a repeat infringer policy.

72.     In or about November 2016, and for an unknown time before, Defendant's

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 11

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  website Eporner.com displayed 36 of Plaintiff's copyright registered works over 38 separate and

2  distinct URLs  - each a part of Eporner.com.  Defendant has no authority or license to display or

3  distribute any portion of Plaintiff's copyrighted works.  Attached hereto as Exhibit A is a list of

4  all Plaintiff videos displayed on Defendant's website, subject to DMCA notices, and

5  corresponding copyright registration numbers.

6       73.    Plaintiff's videos were displayed by Defendant in the United States market on

7  Eporner.com, utilizing systems such as CDNs configured to intentionally enabled fast and

8  efficient delivery of the videos to United States users.

9       74.    On or about November 22, 2016, Plaintiff, or an authorized representative of

10  Plaintiff, delivered to Defendant's DMCA Agent DMCA compliant take down notices for each

11  of the registered works.

12       75.    In or about January 2017, Defendant's website Eporner.com continued to display

13  copyright registered works on the same URLs as were subject to the November 2016 DMCA

14  compliant take down notices.  Some of the material Plaintiff had noticed was removed, while

15  other material was left online and the notices were ignored.

16       76.    On or about January 18, 2017, Plaintiff, or an authorized representative of

17  Plaintiff, delivered to Defendant's DMCA Agent subsequent DMCA compliant take down

18  notices for each of the registered works, including 14 notices that were second notices from the

19  November 2016 notices delivered.

20       77.    On or about January 26, 2017 and February 1, 2017, Plaintiff, or an authorized

21  representative of Plaintiff, delivered to Defendant's DMCA Agent subsequent DMCA compliant

22  take down notices for each of the registered works, including videos that were reposted as *exact*

23  *matches* to videos that were previously noticed but supposedly taken down.  Instead, Defendant

24  merely repositioned the videos on Eporner.com.

25       78.    In other instances, the Plaintiff's notice to Eporner of infringing videos only to

26  have those same videos reappear on the Eporner.com and Eprncdn.com site within a day or week

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 12

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1   of Eporner.com removing the same videos.

2       79.    The operations of the website render a copyright holder's ability to police its

3   copyrights on Eporner.com futile.

4       80.    On receipt of *some* DMCA notices delivered by Plaintiff, Eporner did respond to

5   some of Plaintiff's takedown requests by disabling access to stream those videos on the reported

6   URLs in the notices.

7       81.    Eporner.com offers other websites the ability to "embed" their videos on their

8   site.  In essence, Eporner.com provides codes to other website owners to use on their site, which

9   will display that video to their audience, while still being hosted on Eporner.com.  By not

10  deleting the videos permanently from the servers, the infringed videos went on to be distributed

11  through the video embeds other sites.  There is no reasonable explanation for why when a

12  DMCA complaint is received and responded to, the infringed videos are not actually deleted

13  from the servers permanently, and purged from storage.

14      82.    Further, upon information and belief, videos that are posted on Eporner.com are

15  not uploaded by unrelated third party users, but by Defendant or by persons employed by or

16  contracted with Defendant for purpose of uploading content to the web site.

17      83.    Upon information and belief, Defendant has actual knowledge and clear notice of

18  the infringement of Plaintiff's titles or else is willfully blind to the rampant infringement.  The

19  infringement is clear and obvious even to the most naïve observer.  Plaintiff's films are indexed

20  by the Defendant (meaning organized in such a way as to be searchable and easily found by

21  specific information including, but not limited to, specific model names), displayed and

22  distributed on Defendant's website.  Defendant's indexing is based upon Plaintiff's and other

23  major producers' trademarks, which shows knowledge and intent.

24      84.    By virtue of the conduct alleged herein, Defendant knowingly promotes,

25  participates in, facilitates, assists, enables, materially contributes to, encourages, and induces

26  copyright infringement, and thereby has infringed, secondarily infringed, and induced

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 13

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1    infringement by others, the copyrights in Plaintiff's copyrighted work.

2          85.    Defendant, either jointly, severally, actually, constructively, and with or without

3    direct concert with others, deprived Plaintiff of the lawful monetary rewards that accompany its

4    rights in the copyrighted works.  Defendant disregards for copyright trademark laws threaten

5    Plaintiff's business.

6          86.    Defendant intentionally, knowingly, negligently, or through willful blindness

7    avoided reasonable precautions to deter rampant copyright infringement on its website, while

8    exercising the right and authority to control and end such infringement.  Defendant does this for

9    its own financial gain and benefit.

10         87.    Defendant makes no attempt to identify any individual providing the works,

11   where the individual obtained the works, whether the individuals had authority to further

12   reproduce and distribute the works or if such parties even exist.

13         88.    Defendant's acts and omissions allow it to profit from its infringement while

14   imposing the burden of monitoring Defendant's website onto copyright holders, without

15   sufficient means to prevent continued and unabated infringement.

16

17                                **COUNT I**
18              **Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.***

19         89.    Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through

20   88 above, and further states that:

21         90.    Plaintiff holds the copyright on each of the infringed works alleged herein.

22         91.    Plaintiff registered each copyright with the United States Copyright Office.

23         92.    At all pertinent times, Plaintiff is the producers and registered owner of the

24   audiovisual works illegally and improperly reproduced and distributed by Defendants.

25         93.    Defendant copied, reproduced, reformatted, and/or distributed Plaintiff's

26   copyrighted works on Eporner.com by and through servers and/or hardware owned, operated

     and/or controlled by Defendant.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 14

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

94.     Defendant did not have authority or license to copy and/or display Plaintiff's original works.

95.     Defendant infringed Plaintiff's copyrighted works by reproducing and distributing works through Defendant's website Eporner.com without proper approval, authorization, or license of Plaintiff.

96.     Defendant knew or reasonably should have known it did not have permission to exploit Plaintiff's works on Eporner.com and further knew or should have known its acts constituted copyright infringement.

97.     Defendant made no attempt to discover the copyright owners of the pirated works before exploiting them.  Defendant failed and refused to take any reasonable measure to determine the owner or license holder of the copyrighted works.

98.     Defendant engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate it engaged actively in the improper collection and distribution of Plaintiff's copyrighted works.

99.     The quantity and quality of copyright files available to Internet users increased the attractiveness of Defendant's service to its customers, increased its membership base, and increased its ad sales revenue.

100.     Based on information and belief, Defendant actively uploaded and/or distributed pirated copyrighted files and/or embedded code, enabling users of Eporner.com to view copyrighted videos and images.

101.     Defendant controlled the files owned by Plaintiff and determined which files remained for display and distribution.

102.     Defendant never adopted procedures to ensure that distribution of Plaintiff's copyrighted materials would not occur. Further, Defendant never implemented or enforced a "repeat infringer" policy.

103.     Defendant was either aware, actually or constructively, should have been aware,

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 15

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  or was willfully blind that pirated copyrighted materials comprised the most popular videos
2  on the Defendant's websites.

3        104.    Defendant, through Eporner.com, affirmatively and willfully accommodated
4  Internet traffic generated by the illegal acts.

5        105.    Defendant's conduct was willful within the meaning of 17 U.S.C. § 101, *et seq*.  At a
6  minimum, Defendant acted with willful blindness and reckless disregard of Plaintiff's
7  registered copyrights.

8        106.    Because of their wrongful conduct, Defendant is liable to Plaintiff for copyright
9  infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial
10  losses, including, but not limited to, damage to its business reputation and goodwill.

11        107.    The law permits Plaintiff to recover damages, including readily ascertainable direct
12  losses and all profits Defendant made by its wrongful conduct. 17 U.S.C. §504.
13  Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c
14  ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may
15  be proper under 17 U.S.C. § 504(c ).

16        108.    Because of Defendant's willful infringement, the law permits enhancement of
17  the allowable statutory damages. 17 U.S.C. §504(c) (2).

18        109.    The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law
19  permits a Court Order impounding any and all infringing materials. 17 U.S.C. §503.

### COUNT II
### Contributory Copyright Infringement
### Against All Defendants (Owners/Operators of Eporner.com)

      110.    Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through
109 above and further states that:

      111.    Unknown individuals, without authorization, reproduced and distributed
Plaintiff's works through Defendant's websites, directly infringing Plaintiff's copyrighted works.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 16

1    112.    Defendant contributed to the infringing acts of those individuals.

2    113.    Defendant was aware, should have been aware, or was willfully blind to the

3    infringing activity.

4    114.    Defendant aided, abetted, allowed, and encouraged those individuals to reproduce

5    and distribute Plaintiff's copyrighted works through Defendant's website without regard to

6    copyright ownership.

7    115.    Defendant had the ability and obligation to control and stop the infringements.

8    Defendant failed to do so.

9    116.    Defendant has engaged in the business of knowingly inducing, causing, and/or

10   materially contributing to unauthorized reproduction, adaptation, public display and/or

11   distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of

12   Plaintiff's copyrighted works.

13   117.    Defendant received direct financial benefits from the infringements.

14   118.    On information and belief, Defendant's actions constitute contributory

15   infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's

16   copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17   119.    The unauthorized reproduction, distribution, and public display of Plaintiff's

18   copyrighted works that Defendant enables, causes, materially contributes to and encourages

19   through the acts described above are without Plaintiff's consent and are not otherwise

20   permissible under the Copyright Act.

21   120.    The acts of infringement by Defendant has been willful, intentional, and

22   purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

23   121.    As a direct and proximate result of the infringements by Defendant of Plaintiff's

24   copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is

25   entitled to its actual damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

26   122.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other

2  amounts as may be proper under 17 U.S.C. § 504(c ).

3       123.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17

4  U.S.C. § 505.

5

6

7  **<u>COUNT III</u>**
       **<u>Vicarious Copyright Infringement</u>**

8       **Against All Defendants (Owners/Operators of Eporner.com)**

9       124.    Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through

10  123 above and further states that:

11       125.    Without authorization, individuals reproduced, distributed, and publicly displayed

12  Plaintiff's works through Defendant's website, directly infringing Plaintiff's copyrighted works.

13       126.    Defendant was actually or constructively aware or should have been aware or

14  were willfully blind to the infringing activity.

15       127.    Defendant was able to control or completely end the illegal and improper

16  infringement, but failed to do so.

17       128.    Defendant contributed materially to the infringement.

18       129.    Defendant received direct financial gain and profit from those infringing

19  activities.

20       130.    The acts, omissions, and conduct of Defendant constitutes vicarious copyright

21  infringement.

22       131.    The acts of infringement by Defendant has been willful, intentional, and

23  purposeful and in reckless disregard of and with indifference to Plaintiff's rights. As a direct and

24  proximate result of the infringements by Defendant of Plaintiff's copyrights and exclusive rights

25  under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to their actual damages

26  and Defendant's profits pursuant to 17 U.S.C. § 504(b).

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 18

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

132.   Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

133.   Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

### COUNT IV
### Inducement of Copyright Infringement
### Against All Defendants (Owners/Operators of Eporner.com)

134.   Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 133 above and further states that:

135.   Defendant designed and/or distributed technology and/or devices and/or html code and/or induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendant's inducement, individuals infringed Plaintiff's copyrighted works. These individuals reproduced, distributed and publicly disseminated Plaintiff's copyrighted works through Defendant's website.

136.   On information and belief, Defendant has encouraged through direct and indirect compensation the illegal uploading and downloading of Plaintiff's copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

137.   Defendant's actions constitute inducing copyright infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

138.   The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 19

139. The acts of infringement by Defendant has been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

140. As a direct and proximate result of the infringements by Defendant of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to actual damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

141. Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

142. Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Paper Street Media, LLC requests the following relief:

A. That Defendant, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1) Any and all reproduction, adaptation, public display and/or distribution of copies of Plaintiff's copyrighted works by Defendant on any website, including but not limited to Eporner.com;

(2) Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendant on any website, including but not limited to Eporner.com; and

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 20

(3)    Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

B.    That Defendant be ordered to transfer the domain Eporner.com, and all similar domains held by Defendant found in discovery, such as misspellings of the enumerated domains, domains held by Defendant linked to Eporner.com, and the content therein to Plaintiff.

C.    That Defendant be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with any ordered injunction;

D.    That Plaintiff be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiff's damages and lost profits, Defendant's profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.    That Defendant be ordered to account to Plaintiff for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

F.    That Plaintiff be awarded enhanced damages and attorney's fees;

G.    That Plaintiff be awarded pre-judgment and post-judgment interest;

H.    That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

I.    That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 21

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  March 23, 2018.

Respectfully submitted,

*/s/ Spencer D. Freeman*
Spencer D. Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:  (253) 383-4501
E-mail: sfreeman@freemanlawfirm.org
***Counsel for Plaintiff***

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 22

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)